SUMMARY ORDER

Oleksandra Shved, a native and citizen of Ukraine, seeks review of an October 31, 2007 order of the BIA affirming the February 27, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Oleksandra Shved, No. A73 181 960 (B.I.A. Oct. 31, 2007), aff'g No. A73 181 960 (Immig. Ct. N.Y. City Feb. 27, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that the agency’s denial of Shved’s applications for asylum and withholding of removal is supported by substantial evidence.[1] The BIA properly found that Shved’s allegations of discrimination and harassment in education and employment because of her religion did not rise to the level of persecution. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 342 (2d Cir.2006). While the BIA has held that discrimination can, in extraordinary cases, be so severe and pervasive as to constitute persecution, see In re Salama, 11 I. & N. Dec. 536, 536 (B.I.A. *902 1966), this is not such a case, where Shved endured only derogatory remarks and alleged diminished educational opportunities. See Ivanishvili, 433 F.3d at 342; see also Tian-Yong Chen v. INS, 359 F.3d 121, 128 (2d Cir.2004).
Similarly, Shved’s April 1993 arrest does not amount to persecution because, as noted by the BIA, she “was detained only a few hours and did not suffer any physical harm.” We found in Beskovic v. Gonzales, that the difference between harassment and persecution is one of degree, and that while a beating in detention may rise to the level of persecution, a detention without mistreatment likely does not. 467 F.3d 223, 226 (2d Cir.2006). Accordingly, the agency’s conclusion that Shved’s brief detention did not rise to the level of persecution is without error. Id.
We also find no error in the agency’s finding that the May 1993 attack against Shved by a group of nationalists does not constitute persecution because she failed to establish that the government was unable or unwilling to protect her. While it is clear that beatings and torture can constitute persecution, see, e.g., Rizal v. Gonzales, 442 F.3d 84, 87, 92 (2d Cir.2006), both the IJ and the BIA reasonably relied on Shved’s testimony that she was unable to provide the identity of her attackers in her report to the police as support for the conclusion that the Ukranian authorities were not unable or unwilling to protect her. See Matter of Acosta, 19 I. & N. Dec. 211, 222 (B.I.A.1985).
While the IJ is required to consider all of these events cumulatively, rather than addressing the severity of each event in isolation, see Poradisova v. Gonzales, 420 F.3d 70, 79-80 (2d Cir.2005), there is nothing in the record that suggests that the IJ failed to do so in this case.[2] Indeed, the BIA explicitly found that Shved “failed to establish that these incidents, whether considered individually or cumulatively, rise to the level of past persecution. Accordingly, the agency’s finding that Shved failed to establish that she suffered past persecution is supported by substantial evidence. See 8 U.S.C. § 1252(b)(4)(B). Additionally, because Shved failed to establish past persecution, the harm she allegedly suffered in the past is clearly insufficient to establish eligibility for a humanitarian grant of asylum. See Jalloh v. Gonzales, 498 F.3d 148, 151 (2d Cir.2007).
We also find the agency’s determination that Shved failed to establish a well — founded fear of future persecution to be supported by substantial evidence. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable “even if there is only a slight, though discernible, chance of persecution.” Diallo v. INS, 232 F.3d 279, 284 (2d Cir. 2000) (citing INS v. Cardozar-Fonseca, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). On the other hand, a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). *903 Here, the IJ and the BIA found that Shved’s mistreatment under the Soviet regime was too remote to serve as a basis for a well — founded fear of persecution. Indeed, Shved failed to provide “solid support” in the record that she would be targeted and her claim that she would be persecuted upon her return to Ukraine is “speculative at best.” Jian Xing Huang, 421 F.3d at 129.
To the extent that Shved based her claim of a well — founded fear of persecution on the attack against her mother, the BIA found that there was insufficient evidence to support a finding that the government was unable or unwilling to control her mother’s attackers. See Acosta, 19 I. & N. Dec. at 222. Shved argues agency error, claiming that the evidence as a whole supports a finding that the government was unable or unwilling to protect her mother. However, this general assertion does not compel a conclusion contrary to that of the BIA, where Shved fails to indicate anything in the record in support of her argument. See 8 U.S.C. § 1252(b)(4)(B). Similarly, Shved challenges the agency’s finding that she failed to demonstrate a pattern or practice of persecution, noting the reported rise in skinhead activity and her expert witness’s corroboration of this trend. However, the BIA properly weighed these reports against the State Department Report in the record, which provides evidence of improved country conditions in denying the pattern or practice claim. See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006); see also Xiao Ji Chen, 471 F.3d at 342.
Accordingly, the agency’s finding that Shved failed to establish that she has a well — founded fear of persecution in the future was supported by substantial evidence and the denial of her application for asylum was proper.[3] See 8 U.S.C. § 1252(b)(4)(B). Further, because Shved was unable to show the objective likelihood of persecution needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.[4] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, because Shved’s only argument ■with respect to CAT relief is that the agency failed to consider that claim independently, and both the IJ and the BIA provided independent analysis of that claim, the agency did not err in denying that form of relief. C.f. Ramsameachire, 357 F.3d at 178.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b). •'

. While the IJ failed to clarify his credibility determination as required by our October 2004 Stipulation and Order, the BIA assumed credibility, and we review the IJ’s decision as modified by the BIA. See Yan Chen, 417 F.3d at 271.

. The BIA, after assuming credibility, did not explicitly analyze how Shved's father's alleged death affected her claim. However, the agency found that Shved had provided insufficient evidence to establish persecution, in part, because she failed to demonstrate that the Ukrainian authorities were unable or unwilling to protect her and her family. See Acosta, 19 I. & N. Dec. at 222. We can confidently predict that the agency would apply this same reasoning to the alleged murder of Shved’s father, making remand on this matter futile. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 (2d Cir.2006).

. Shved also argues that the IJ should have granted asylum as a matter of discretion; however, we lack jurisdiction to review decisions committed to the discretion of the agency. See 8 U.S.C. § 1252(a)(2)(B).

. Shved fails to argue that the Lautenberg Amendment applies to her case; therefore, we consider any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).